IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RALPH BROWN, JR.,<br><br>     Petitioner<br><br>  VS.<br><br>JAMES DONALD,<br><br>     Respondent | NO. 3:06-CV-48 (CDL)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

  Respondent JAMES DONALD has filed a motion pursuant to 28 U.S.C. §2244(d) seeking DISMISSAL of the above-captioned action filed by petitioner RALPH BROWN, JR. under 28 U.S.C. §2254, alleging that the petition is untimely filed under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Tab #6.  The respondent's motion is supported by an attached brief.  After being advised of his right to do so (Tabs #8 and #12), petitioner Brown responded to the respondent's motion (Tabs #11 and #13).

  Section 2244(d) provides as follows:

*(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--*

  *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

  *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

  *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

  *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The respondent's brief in support of its motion to dismiss details how a total of 689 "untolled" days passed between Brown's conviction coming final on December 5, 2001 and his filing of the instant petition. Brown's response does not dispute any of the respondent's calculations, but instead goes to the merits of his case. It is clear that petitioner Brown is not disputing a change in the factual predicate surrounding his plea or a newly recognized constitutional right, and since 689 days is clearly more than the one year afforded by the AEDPA in which a federal habeas corpus petition must be filed, the petition is untimely filed.

Accordingly, IT IS RECOMMENDED that the respondents' motion to dismiss the petition (Tab #6) be GRANTED and that the petitioner's petition be DISMISSED at untimely. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 25th day of OCTOBER, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE